United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sheryl Moulton, | NO. C 04-02485 JW |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT** |
| v. | |
| AmeriCredit Financial Services, Inc., et al, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Sheryl Moulton ("Plaintiff") filed a First Amended and Supplemental Complaint ("FAC") against Defendants AmeriCredit Financial Services, Inc., doing business in California as ACF Financial Services, Inc., Trans Union, LLC, Equifax Information Services, LLC, and Citibank (South Dakota), N.A. (collectively "Defendants"),[1] alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Presently before this Court is a motion filed by Defendant AmeriCredit Financial Services, Inc. ("AmeriCredit")[2] seeking a dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim against AmeriCredit under FCRA. Alternatively, Defendants

---

[1] Experian Information Solutions, Inc. is now dismissed from the action.

[2] Defendant Trans Union LLC's filed a Joinder to AmeriCredit's Motion.

1  moves for a more definite statement pursuant to FED. R. CIV. P. 12(e) on the ground that the FAC does
2  not identify any inaccurate information AmeriCredit allegedly furnished. Pursuant to Civil Local Rule
3  7-1(b), the Court took the motion under submission based on the papers filed to date. For the reasons
4  set forth below, Defendant AmeriCredit's Motion to Dismiss, or in the alternative, Motion for a More
5  Definite Statement is DENIED.

## II. BACKGROUND

On April 20, 2005, Plaintiff filed a First Amended and Supplemental Complaint ("FAC") alleging that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. As to AmeriCredit, Plaintiff alleges that AmeriCredit violated 15 U.S.C. § 1681s-2(b) for failing to review relevant information provided by the consumer reporting agencies ("CRA")[3] and to conduct a reasonable investigation. Plaintiff further alleges that AmeriCredit notified the CRAs that the "erroneous credit information reported with respect to Plaintiff was correct." (First Am. Compl. at 6.)

According to the FAC, on April 2, 2003, Plaintiff made a final payment and closed the account she had with AmeriCredit, who financed the purchase of Plaintiff's automobile. She later discovered in February 2004 that her closed AmeriCredit account was not being reported accurately and completely on her credit reports.[4] On February 16, 2004 and March 2, 2004, Plaintiff wrote to the CRAs notifying them of the reporting mistakes with respect to the AmeriCredit account, who then allegedly notified AmeriCredit of Plaintiff's dispute with the account. Thereafter, Plaintiff alleges that AmeriCredit failed to review the information provided by the CRAs and to conduct a reasonable investigation. Plaintiff contends that even following an investigation, AmeriCredit allegedly continued to report inaccurate and incomplete information concerning Plaintiff's account to the CRAs.

Plaintiff seeks actual and punitive damages as well as injunctive relief for harm allegedly

---

[3] Consumer reporting agencies include Experian Information Solutions, Trans Union, LLC, and Equifax Information Services, LLC.

[4] Plaintiff's responses to AmeriCredit's first set of interrogatories identified the alleged inaccurate information furnished to the CRAs. Specifically, "Plaintiff states that AmeriCredit appears to have furnished the erroneous information about her car loan account being then currently past due, as reported in her credit reports. . . ." (Plf.'s Opp'n to Mtn. to Dismiss at 7.)

1  caused by the "erroneous and incomplete" information on her credit record. Currently before this
2  Court is Defendant AmeriCredit's Motion to Dismiss under Rule 12(b)(6), or in the alternative,
3  Motion for a More Definite Statement under Rule 12(e). AmeriCredit seeks dismissal on the basis
4  that the allegations in the FAC do not plead sufficient facts to state a claim against AmeriCredit.
5  Alternatively, AmeriCredit moves for a more definite statement on the basis that the FAC does not
6  identify "the information AmeriCredit allegedly furnished about which she complaints [sic], let alone
7  that such information was incomplete or inaccurate." (Mtn. to Dismiss at 1.)

### III. STANDARDS

#### A. Motion to Dismiss

Pursuant to FED. R. CIV. P. 12(b)(6), a complaint may be dismissed for failure to state claim upon which relief can be granted. In ruling upon a motion to dismiss, this Court must presume all factual allegations of the complaint as true and must construe said allegations in the light most favorable to the plaintiff. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973). However, mere conclusory allegations couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court set forth the strict standard for granting a Rule 12(b)(6) motion to dismiss. A Rule 12(b)(6) motion to dismiss must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. Dismissal can be based on either a "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds Co., 749 F.2d 530, 534 (9th Cir. 1984). As the Ninth Circuit has observed, "The [Rule 12(b)(6)] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Gilligan v. Jamco Develop. Corp., 108 F.3d 246, 249 (9th Cir. 1997).

#### B. Motion For More Definite Statement

A motion for a more definite statement, like a motion to dismiss for failure to state a claim are viewed with disfavor, and are rarely granted. Cellars v. Pacific Coast Packaging. Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). "[T]he proper test in evaluating a motion under Rule 12(e) is whether the

United States District Court
For the Northern District of California

complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F.Supp. 1053, 1060 (N.D. Cal. 1988) (citing Famolare Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981)).  Generally, the Court will require a more definite statement only when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal.,1999) (quoting Delta Educ., Inc. v. Langlois, 719 F.Supp. 42, 50 (D.N.H.1989) and 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376).

## IV.  DISCUSSION

### A. Section 1681s-2 of the Fair Credit Reporting Act Does Not Require Plaintiff to Allege With Specificity.

Pursuant to 15 U.S.C § 1681s-2(b), Plaintiff claims that after Defendant AmeriCredit received notice of the disputed information on her credit record from the CRAs, they "failed in their duties to review all relevant information and conduct a reasonable investigation."  (Opp'n at 3.)  AmeriCredit asserts that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff "fails to plead or identify the disputed information AmeriCredit furnished, let alone that such information was inaccurate of incomplete."  (Mtn. to Dismiss at 1.)

In 1971, Congress enacted 15 U.S.C § 1681, commonly referred to as the Federal Fair Credit Reporting Act, to require that CRAs "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy relevancy, and proper utilization of such information in accordance with the requirements of [the act]."  § 1681(b).  Although "Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished," section 1681s-2(b) provides a private right of action to injured consumers against a furnisher of information. Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002).  After a CRA receives notice of a dispute from a consumer with respect to the completeness or accuracy of information contained in the consumer's file, the CRA has a duty to promptly notify the furnisher of information of the dispute, providing all

1 relevant information regarding the dispute. § 1681i-(a)(2)(A). Thereafter, the furnisher has a duty to
2 conduct a reasonable investigation with respect to the disputed information, to review all relevant
3 information provided by the CRA, and to report the findings to the CRA. § 1681s2-(b). If the
4 investigation reveals that the information is incomplete, inaccurate, or unverifiable, the furnisher must
5 modify, delete, or permanently block the reporting of that item of information. Id.

6 To state a § 1681s2-(b) cause of action, under Rule 8(a) of the Federal Rules of Civil
7 Procedure, Plaintiff need only set forth "a short and plain statement of the claim showing that the
8 [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a); see also Carlson v. Trans Union, LLC, 259
9 F.Supp.2d 517 (N.D. Tex. April 16, 2003); Sullivan v. Equifax, 2002 WL 799856 (E.D. Pa. April 19,
10 2002). This liberal notice pleading standard is satisfied if the complaint gives Defendants "fair notice
11 of the basis for [Plaintiff's] claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

12 Evaluating the FAC in the light most favorable to Plaintiff, the Court finds that it meets the
13 standard set forth in Rule 8(a). The allegations detailed in the FAC gives Defendants sufficient notice
14 of Plaintiff's § 1681s2-(b) claim with respect to the car loan account she previously had with
15 AmeriCredit and the grounds upon which they rest. Specifically, the complaint alleges that the
16 "Plaintiff discovered that the closed, fully paid AmeriCredit car loan account . . . [was] not being
17 reported accurately and completely on her credit reports." (First Am. Compl. ¶ 11.) The complaint
18 also alleges that AmeriCredit, after notice of the dispute, failed "to review the relevant information"
19 provided by the CRAs, "to conduct a reasonable investigation," and "continued to report inaccurate
20 and incomplete information concerning Plaintiff's car loan account." (Id. ¶ 14, 15.) Plaintiff has
21 sufficiently identified what she alleges to be inaccurate or incomplete information, i.e. her payments
22 with respect to the AmeriCredit car loan account. Although Defendant AmeriCredit asserts that to
23 make a § 1681s2-(b), Plaintiff must "identify the inaccuracy or incomplete entry in her credit report"
24 with specificity, none of the cases cited by AmeriCredit adequately supports such a heightened
25 "FCRA pleading requirement" that is distinct from a Rule 8(a) pleading. (Reply at 2.)[5] Thus, Plaintiff

---

[5]Defendant AmeriCredit cites cases which only stand for the proposition that "a consumer must sufficiently allege that a credit reporting agency prepared a report containing 'inaccurate' information." Henson v. CSC Credit Serv., Inc., 29 F.3d 280, 284 (7th Cir. 1994); See also Thomas v. Trans Union LLC, 197 197 F.Supp.2d 1233 (D.Or. 2002) ("The elements of a claim for failure to

5

1 has plead sufficient facts to provide AmeriCredit with notice of the basis of Plaintiff's § 1681s2-(b)
2 claim to avoid a Rule 12(b)(6) dismissal.

### B.    Plaintiff's First Amended and Supplemental Complaint is Not Ambiguous.

Alternatively, Defendant AmeriCredit asserts that Plaintiff should be required to provide a more definite statement. Plaintiff contends that as to AmeriCredit, the "allegations of inaccurate and incomplete reporting of credit report information are unambiguous." Furthermore, Plaintiff points to her discovery responses as providing AmeriCredit with additional information that eliminates any alleged confusion.

Although regarded with disfavor, Rule 12(e) provides that a party may move for a more definite statement before serving a responsive pleading. However, if the information sought is available through the discovery process, a Rule 12(e) motion is inappropriate. See Famolare Inc., 525 F.Supp. at 949. In this case, the specifics of the alleged incomplete or inaccurate information stated on Plaintiff's report, as requested by AmeriCredit, is ascertainable through the discovery process. See Beery v. Hitachi Home Elec., 157 F.R.D. 477 (C.D. Cal. Oct. 18, 1993) ("the identity of the specific claims of the '734 patent which allegedly have been and continue to be infringed can readily be ascertained through the liberal federal discovery procedures."). For instance, Plaintiff's discovery response has revealed that "AmeriCredit appears to have furnished the erroneous information about her car loan account being then currently past due, as reported in her credit reports." (Opp'n at 7.) Although AmeriCredit contends that the response was inadequate since "Plaintiff has had plenty of opportunity for further investigation and discovery," the purpose of discovery is to "facilitate open and evenhanded development of facts underlying a dispute." American Floral Serv., Inc. v. Florists' Transworld Deliverty Ass'n, 107 F.R.D. 258, 260 (N.D. Ill. 1985). Should Defendant AmeriCredit require more information to fully prepare a defense, they can rely on the discovery process and serve upon Plaintiff additional interrogatories or request the production of documents. Furthermore, in congruence with the Court's finding that Plaintiff's complaint has plead sufficient facts

---

reinvestigate under section 1681i(a) are . . . (1) The plaintiff's credit file contains inaccurate or incomplete information.") These cases do not support the contention that the inaccurate or incomplete information alleged must be plead with specificity.

6

to state a claim and considering Defendant AmeriCredit's well articulated arguments, the Court finds that the pleading is not so vague or ambiguous as to cause AmeriCredit confusion. The FAC alleges sufficient facts to enable AmeriCredit to understand the substance of the claim being asserted, thus, this action does not warrant a more definite statement.

### V. CONCLUSION

For the foregoing reasons, Defendant AmeriCredit's Motion to Dismiss, or in the alternative, Motion for a More Definite Statement is DENIED.[6]

Dated: June 28, 2005

/s/ James Ware
JAMES WARE
United States District Judge

---

[6] As Defendant Trans Union LLC joined AmeriCredit in this Motion, the findings of this Order are applicable to Defendant Trans Union.

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Amy Greenstein agreenstein@kilpatrickstockton.com
2 Andrea Hackett Henningsen ahh@severson.com
Donald E. Bradley dbradley@crowell.com
3 Jeremy A. Rhyne jrhyne@crowell.com
Mark Robert Reedy Mreedy4684@aol.com
4 Michelle Leigh Vizurraga mlvizurraga@jonesday.com
Scott J. Hyman sjh@severson.com
5 Scott K. Behrendt skbehrendt@jonesday.com
Steve W. Dollar nritz@eakdl.com

**Dated: June 28, 2005**					**Richard W. Wieking, Clerk**


						**By:   /s/ JW Chambers**
						      **Ronald L. Davis**
						      **Courtroom Deputy**