IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sheryl Moulton, | NO. C 04-02485 JW |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND AND SUPPLEMENT COMPLAINT AND TO MODIFY THE SCHEDULING ORDER** |
| Americredit Financial Services, Inc. et al., | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff Sheryl Moulton ("Plaintiff") filed a complaint against Defendants AmeriCredit Financial Services, Inc., Trans Union, LLC, Equifax Information Services, LLC, and Citibank (collectively "Defendants"), alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").  Presently before the Court is Plaintiff's Motion to Amend/Correct Amended Complaint and for Extension of Discovery Deadline.  Pursuant to Civil Local Rule 7-1(b), the Court took these motions under submission based on the papers filed to date.  For the reasons set forth below, the Court GRANTS IN PART Plaintiff's Motion.

## II.  BACKGROUND

On June 23, 2004, Plaintiff filed a complaint alleging that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.  The complaint alleges the following: Plaintiff sought to purchase a vehicle with financing through AmeriCredit.  She believes that her account with AmeriCredit was closed with her final payment on April 2, 2003.  However, in February 2004, she

1 discovered that her AmeriCredit account was marked as delinquent on her credit reports with
2 Experian, TransAmerica and Equifax ("CRAs").  On February 16, 2004 and March 2, 2004, Plaintiff
3 wrote to the CRAs, notifying them of the mistake.  The CRAs then reportedly notified AmeriCredit
4 of Plaintiff's dispute.  Thereafter, Plaintiff believes that AmeriCredit failed to review the
5 information provided by the CRAs and failed to conduct a reasonable investigation.  Plaintiff
6 contends that even following an investigation, AmeriCredit continued to report inaccurate
7 information about the account to the CRAs.

Plaintiff first made an Amended and Supplemental Complaint in April 2005, inserting additional allegations and adding Defendant Citibank.  Since filing the First Amended and Supplemental Complaint ("FAC"), Plaintiff believes that Defendants have continued to violate the Fair Credit Reporting Act by continuing to misreport her accounts.  Since the filing of the FAC, she claims to have corresponded five times with the CRAs to dispute an error that resurfaced on her AmeriCredit account.  She believes that the CRAs have repeated their previous mistakes. Plaintiff contends two years of damages resulting from denial of credit, lost real estate appreciation, emotional upset, humiliation, and lost time.

Plaintiff seeks to amend her complaint by removing Experian as a Defendant, and by accounting for additional damages incurred since the First Amended and Supplemental Complaint. Plaintiff also requests a modification of the current scheduling order.

### III.  STANDARDS

**A.    Motion to File an Amended and Supplemental Complaint**

Federal Rule of Civil Procedure 15 addresses both amended pleadings and supplemental pleadings.  The purpose of Rule 15 is to "facilitate decision on the merits, rather than on the pleadings or technicalities."  <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2003) (citations omitted). Rule 15(a) provides that after a responsive pleading to a complaint has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Rule 15(d)

provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d).

**B.     Motion to Modify the Scheduling Order**

Rule 16(b) addresses pretrial conferences, scheduling and case management. This rule provides, in relevant part, that:

> The district judge. . .shall, . . . after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, . . . enter a scheduling order that limits the time
>
> >    (1) to join other parties and to amend the pleadings;
> >    (2) to file motions; and
> >    (3) to complete discovery.
>
> . . .
> The order shall issue as soon as practicable but in any event. . .no more than 120 days after the filing of the complaint. A schedule shall not be modified except upon a showing of good cause and by leave of the district judge. . .

The good cause standard in Rule 16(b) "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 609 (9th Cir. 1992).

## IV.  DISCUSSION

**A.     Motion to Amend and Supplement Complaint**

Plaintiff argues that the Court should allow Plaintiff to amend and to supplement the complaint because of additional violations of the FCRA arising since the filing of the First Amended and Supplemental Complaint. (Mot. to Amend at 3:24-26.) Plaintiff also argues that the new allegations are substantially similar to the allegations in the current complaint, and that these new alleged violations could not have been anticipated. (Mot. to Amend at 4:1-9.) Defendants argue that Plaintiff's Motion should be denied because Plaintiff acted with undue delay, that an Amendment would be futile, and that Defendants would be prejudiced.

    1.     Amending the Complaint

In addressing the propriety of a motion for leave to amend under Rule 15(a), the Court

3

weighs the following factors: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). In doing so, the Court bears in mind the Ninth Circuit's instruction that these factors are to be applied with "extreme liberality." See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). This Court finds that the factors enumerated in Foman weigh in Plaintiff's favor. First, there does not appear to be any evidence of bad faith on the part of Plaintiffs. Second, Plaintiff has not unnecessarily delayed this action in filing this Amendment. The most recent alleged violation of the FRCA occurred in late December 2005. Plaintiff promptly motioned to file a Second Amended Complaint only a few weeks later. Third, as a rule, substantial prejudice is the most important factor when determining whether to grant leave to amend. See Morongo, 893 F.2d at 1079. In this case, Defendants will not experience substantial prejudice because there was minimal delay between the offenses and the motion to file. Furthermore, this court intends to grant an extension of the discovery deadline to address the parties' discovery concerns. Fourth, the Court has not reached the merits of Plaintiffs' new claim at this time. Presently, the Court does not find the amendment sufficiently futile to bar Plaintiff's Motion. Accordingly, this Court grants Plaintiff's request to amend the Complaint.

### 2.   Plaintiff's Motion to Supplement the Complaint

Plaintiff seeks to supplement her complaint with allegations that Defendants continue to violate the Fair Credit Reporting Act by failing to take appropriate action following receipt of five dispute letters Plaintiff sent in the past eight months. As the events underlying these claims occurred after Plaintiff filed her complaint in April 2005, this Court looks to the standards provided by Rule 15(d), which govern supplemental pleadings. Federal Rule of Civil Procedure 15(d) requires a party to obtain leave of the court to "serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The district court may grant a motion to supplement a pleading, in the exercise of its discretion, "upon reasonable notice and upon such terms as may be just." Id. Moreover, "while some relationship must exist between the newly alleged matters and the

1 subject of the original action, they need not all arise out of the same transaction." Keith v. Volpe,
2 858 F.2d 467, 474 (9th Cir. 1988). A district court typically allows a supplemental pleading that
3 promotes the just disposition of the case, absent a showing of prejudice to the defendant. Keith, 858
4 F.2d at 475.

5 Defendants argue that Plaintiff unduly delayed in seeking to amend and that Defendants will
6 be prejudiced if the new claims are allowed. They contend that further discovery is required under
7 unfavorable time conditions. This Court disagrees. Plaintiff's desired supplements relate to the
8 underlying complaint and implicate the same FRCA sections. Furthermore, an extension for
9 discovery will be granted thereby minimizing prejudice to Defendants. Hence, allowing Plaintiff to
10 supplement her pleading would further the interests of judicial economy. For these reasons, Plaintiff
11 is granted leave to supplement the Complaint.

12 **B.    Modification of the Scheduling Order**

13 Based on the Court's decision to permit Plaintiff to amend and supplement her Complaint,
14 good cause exists for modifying the scheduling order pursuant to Fed. R. Civ. P. 16(b).
15 Accordingly, the Court vacates the current scheduling order pending a case management conference
16 following the filing of Plaintiff's amended and supplemented Complaint.

17 **C.    Schedule for Responsive Pleadings**

18 Based on the amendment of previously alleged claims, and the addition of new claims to her
19 Complaint, Plaintiff's request to have Defendants file amended responsive pleadings within an
20 expedited time frame is DENIED.

21                                    **V.  CONCLUSION**

22 For the reasons stated above, this Court grants Plaintiff leave to file an amended and
23 supplemented Complaint but denies Plaintiff's request to have Defendants file amended responsive
24 pleadings within an expedited time frame. Plaintiff shall file their Complaint on or before April 3,
25 2006. The Court also vacates the current scheduling order, and sets a case management conference
26 for April 17, 2006 at 10:00 a.m. Pursuant to the Local Rules, the parties shall file an updated Joint

27
28                                              5

case management statement on or before April 7, 2006.

Dated: February 7, 2006

04cv2485amend

/s/ James Ware
JAMES WARE
United States District Judge

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amy Greenstein agreenstein@kilpatrickstockton.com
Andrea Hackett Henningsen ahh@severson.com
Andrew W. Moritz Amoritz@Stroock.com
Donald E. Bradley dbradley@crowell.com
Jeremy A. Rhyne jrhyne@crowell.com
Julia B. Strickland jstrickland@stroock.com
Mark Robert Reedy Mreedy4684@aol.com
Scott J. Hyman sjh@severson.com
Steve W. Dollar nritz@eakdl.com

**Dated: February 7, 2006**

**Richard W. Wieking, Clerk**

**By:_/s/ JW Chambers__________**
**Melissa Peralta**
**Courtroom Deputy**