United States District Court
For the Northern District of California

*E-filed 6/28/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHERYL MOULTON, | No. C04-02485 JW (HRL) |
| Plaintiff, | **ORDER** |
| v. | **1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL AND PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER,** |
| AMERICREDIT FINANCIAL SERVICES, INC., doing business in California as ACF FINANCIAL SERVICES, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, CITIBANK (SOUTH DAKOTA), N.A. AND DOES 1-50, | **2) DENYING PLAINTIFF'S MOTION TO STRIKE, AND** |
| | **3) DENYING ALL MOTIONS FOR SANCTIONS** |
| Defendants. | |

Plaintiff sues AmeriCredit Financial Services, Inc. dba ACF Financial Services, Inc. ("AmeriCredit"), Trans Union LLC ("Trans Union"), Equifax Information Services LLC ("Equifax"), Citibank (South Dakota), N.A. ("Citibank"), and Does 1-50 for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. There are two disputed accounts, a car loan from AmeriCredit and a Citibank account discharged in bankruptcy. Both accounts appear in reports generated by the credit reporting agency defendants, Trans Union and Equifax.[1] Plaintiff pleads seven claims for relief under the Fair Credit Reporting Act, two against the lenders and five against the credit reporting agencies. Plaintiff has, to date, submitted to two full days of deposition.

---

[1] The Experian credit reporting agency was formerly a party to this action.

1   Defendant Trans Union moves to compel plaintiff's further deposition. Defendants
2   AmeriCredit and Citibank join in the motion. Rather than "oppose" the motion, plaintiff moves
3   for a protective order to prevent any further deposition of her. Plaintiff also requests the court
4   to "strike" certain parts of her deposition testimony she deems privileged, and moves for
5   sanctions against Trans Union. Also, she asks the court to seal all documents pertaining to her
6   personal, confidential, financial and medical matters.

## PLAINTIFF'S FURTHER DEPOSITION

### A. LEGAL STANDARD

Fed. R. Civ. P. 30(d)(2) states that a deposition is presumptively limited to one day of seven hours; however, "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent... impedes or delays the examination." Fed. R. Civ. P. 30(d)(2). Both a party seeking a protective order and a party seeking a court order to extend deposition time must demonstrate "good cause." See Fed R. Civ. P. 26(c); Boston Scientific Corp. v. Cordis Corp., 2004 WL 1945643, *2 (N.D. Cal. 2004).

### B. DISCUSSION

Defendants' motion to compel alleges that plaintiff impeded her deposition with evasive and unprepared answers, and therefore a further deposition is necessary for a fair examination. Plaintiff counters that the deposition only lasted so long because the defendants harassed her with embarrassing and irrelevant questions. Furthermore, she states, it is unreasonable to expect her to have memorized all of the details from thousands of documents. The court has reviewed plaintiff's deposition testimony and does not perceive blatant evasiveness or lack of preparation, particularly given the complexity of the case; therefore, this line of argument does not entitle defendants to exceed the presumptive seven hour limit. At the same time, defendants' questions did not clearly cross any lines that would entitle plaintiff to a protective order.

Defendants also argue that they are entitled to a further deposition because plaintiff produced new documents immediately prior to her deposition, as well as at the deposition and even afterwards. Plaintiff testified at her deposition about documents that she had not yet

2

produced to defendants, and alluded to new categories of damages. Additionally, plaintiff filed a second amended complaint, alleging four additional claims for relief, on the eve of her deposition. These are good reasons for further deposition.

The court's conclusion is not based on defendants' arguments that there are four of them, some of whom "did not have the opportunity to ask a single question" at plaintiff's deposition. Defendants acknowledged at oral argument that they did not confer prior to the deposition in order to allocate most efficiently the seven hours of deposition to which they were entitled as of right. Reportedly, there was no discussion with plaintiff's then-counsel before the deposition began about how long it would go. (At the end of day one plaintiff's attorney agreed to day two.) Defendants acted without foresight or coordination, and seemed to assume that they could take as much time as they wished.

The court ORDERS the plaintiff to submit to one further seven-hour day of deposition.[2] The deposition will take place where plaintiff lives, Reno, Nevada. Each defendant is entitled to at least one hour of deposition time, with the remaining unused time to be divided between defendants by agreement.

## PLAINTIFF'S MOTION TO STRIKE

In a somewhat confused motion, plaintiff requests that the court "strike" allegedly privileged portions of her deposition testimony and "seal" all records pertaining to personal, confidential, financial, and medical matters. The motion to strike is DENIED. As for plaintiff's concerns about confidentiality, the parties stipulated at oral argument to a confidentiality agreement. The court ORDERS all parties not to use or disclose any information obtained in discovery except for purposes of the lawsuit.

///
///
///
///
///

---

[2] Time spent at lunch or on break does not count toward the seven hours.

3

**MOTIONS FOR SANCTIONS**

All motions for sanctions are DENIED.

**IT IS SO ORDERED.**

Dated: 6/28/06                                        /s/  Howard R. Lloyd
                                                      HOWARD R. LLOYD
                                                      UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

Donald E. Bradley  d.bradley@mpglaw.com, k.reisner@mpglaw.com

Steve W. Dollar  nritz@eakdl.com

Amy Greenstein  agreenstein@kilpatrickstockton.com, speltier@kilpatrickstockton.com

Eric J. Gribbin  ejg@severson.com, mcl@severson.com

Andrea Hackett Henningsen  ahh@severson.com, axo@severson.com; ejg@severson.com; mcl@severson.com

Scott J. Hyman  sjh@severson.com, nla@severson.com; mcl@severson.com; ejg@severson.com

Andrew W. Moritz  Amoritz@Stroock.com, jsepko@stroock.com

Sheryl Ann Moulton  ideasvc@hotmail.com

Marcos D. Sasso  msasso@stroock.com

Julia B. Strickland  jstrickland@stroock.com,

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

A courtesy copy will be mailed to:

Christopher J. Battersby
Musick, Peeler & Garrett LLP
650 Town Center Drive, Suite 1200
Costa Mesa, Ca 92626-1925

Brenton S. Bean
Kilpatrick Stockton LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309

Dated: 6/28/06                               /s/   JMM
                                  Chambers of Magistrate Judge Howard R. Lloyd